### BLANCHARD ET AL. v. GLASIER ET AL.

1. **Fraudulent Conveyance:** SON TO FATHER: EVIDENCE. The evidence in this case considered, (see opinion,) and *held* sufficient to justify the trial court in setting aside a conveyance from a son to his father, as being without consideration and in fraud of creditors.

*Appeal from Cerro Gordo District Court.*

### FRIDAY, OCTOBER 24.

ACTION in equity to subject certain real estate to the payment of a judgment against J. J. Glasier, on the ground that a conveyance thereof to Jacob Glasier had been made for the purpose of defrauding the creditors of the former. There was a decree for the plaintiff, and the defendant appeals.

*Wilbur & Sherman*, for appellants.

*Blythe & Markley*, for appellees.

SEEVERS, J.—J. J. Glasier, the defendant, is the son of Jacob Glasier. The former came to Mason City in 1878, and soon thereafter engaged in the business of purchasing and selling lumber and coal. For some time the business was conducted in his own name, and afterwards in the name of J. J. Glasier & Co., and J. Glasier alone. The latter has always

resided in the state of New York, and never was at Mason City, and states that he is a joiner by occupation. On June 24, 1880, J. J. Glasier purchased the real estate in controversy, which consists of a business lot in Mason City, paid a portion of the purchase money, and executed a mortgage on the property to secure the residue. The amount thus secured has been paid by him. On the twenty-ninth of June, 1880, J. J. Glasier conveyed the property in controversy to J. Glasier. The latter had no knowledge of the purchase, and was not consulted in relation thereto. The plaintiff claimed that no consideration passed from father to son for the last conveyance. It is not claimed by the defendants that any consideration passed at the time the conveyance was made. Their contention is that Jacob Glasier furnished money to his son from time to time for several years, and therewith he conducted business, and purchased and paid for the real estate in controversy. We have examined the evidence with care, and have separately reached the conclusion that the decree of the disrict court must be affirmed, for the following reasons:

The controlling question is, whether Jacob Glasier placed any funds in the hands of his son for investment in Iowa, or for the purpose of conducting the business in which the latter was engaged at Mason City for several years. They both testify that some money was so furnished. Four hundred dollars was given the son when he came west in 1877. For what purpose this money was placed in the hands of J. J. Glasier does not appear. The evidence fails to disclose whether it was to be invested for Jacob Glasier, and, for aught that does appear, it may have been intended as a gift.

It is claimed that other money was afterwards sent by Jacob Glasier, but when or how the same was sent, and the amount thereof, we are unable to determine from the evidence. Conceding that J. J. Glasier was to account to his father for said money, the evidence fails to disclose the terms and conditions, or at what time such accounting should be had. They

testify there has been a settlement between them, and that the property in the possession of the son, and which he at any time controlled, belongs to his father, for whom the son is working for wages. The son seems to have made the settlement. It was what he called a "lumping settlement." There was no meeting of the parties. It must, therefore, have been conducted and agreed upon by correspondence. But none of the letters were introduced in evidence. All of them had been destroyed. Neither father nor son was able to state how this settlement was effected; that is, what terms were considered, and what value was put on the property which is claimed to have passed from the son to the father. The evidence fails to show that Jacob Glasier had knowledge of the amount of property, or the value thereof, owned by or in the possession of his son, which it is claimed Jacob now owns. It may be assumed from the relation existing between the Glasiers that they had confidence in each other, and that their business matters were not conducted as is usual between strangers. Still, we cannot think such a total disregard of business principles, even between a father and son, can be regarded as ordinary and usual between such persons. We, therefore, have been led to doubt whether there was an actual indebtedness between the Glasiers at the time it is claimed the settlement was made. We think, under the circumstances, it was incumbent on the part of the defendant to show that the money which was paid for the real estate in controversy belonged to Jacob Glasier, or that his son was at that time indebted to him, and that the real estate was taken in payment or on account of such indebtedness. While Jacob Glasier gave or placed in his son's hands some money, there is no evidence to show that the conveyance of the real estate was made to him in payment thereof. There is no evidence tending to show that any amount of money was agreed upon as a consideration for the conveyance. The judgment of the district court is

AFFIRMED.